**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ANTHONY EDWARD MORGAN                                    PLAINTIFF
REG. #53541-066

V.                          NO: 2:07CV00021 SWW/HDY

LINDA SANDERS *et al.*                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

Susan W. Wright.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.
2.    Why the evidence proffered at the hearing before the District
      Judge  (if such a  hearing is granted)  was  not  offered at  the
      hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof,  and a copy,  or the original,  of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

> Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, currently incarcerated at the Federal Correctional Institution in Forrest City

("FCIFC"), filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of

Narcotics*, 403 U.S. 388 (1971), on February 8, 2007 (docket entry #1).  According to Plaintiff's

complaint, Defendants have denied him adequate medical care for an ankle injury he sustained in

2003.  Plaintiff has named as Defendants Linda Sanders, warden of FCIFC; G. Maldonado, Jr.,

regional director; Harrell Watts, administrator of national appeals; Prince, a physician; Does, medical

facility employees; and K. Brown, FCIFC counselor.

On May 29, 2007, Defendants filed a motion to dismiss (docket entry #16), along with a brief

in support (docket entry #17).[1]  After Plaintiff initially failed to respond, he was granted an additional

11 days in which to file a response (docket entry #18).  On June 28, 2007, Plaintiff's motion for an

additional extension of time was granted in part, and Plaintiff has now filed his response (docket

---

[1]Because Defendants attached declarations to their brief in support, the motion was construed
as a motion for summary judgment (docket entry #18).

entry #30).

## I.  Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

## II.  Analysis

Plaintiff asserts that he injured his ankle on May1, 2003, in a basketball game while he was incarcerated at an institution in Schuylkill, Pennsylvania.  Plaintiff was at some point transferred to FCIFC, and filed a grievance on March 30, 2006, concerning the medical treatment he was receiving for the ankle.  According to Plaintiff, he needs surgery to correct his ankle problems.  Sanders denied that grievance on May 9, 2006.  Plaintiff appealed to Maldonado then to Watts, who, on October 30, 2006, upheld the Sanders decision.  Plaintiff contends the lack of adequate treatment violates the rights guaranteed to him under the fifth and eighth amendments to the United States Constitution.

3

Defendants have moved for summary judgment, asserting that Defendants Maldonado and Watts should be dismissed for lack of personal jurisdiction, that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted, and that Defendants should be granted qualified immunity.  In their brief, Defendants specifically argue that Plaintiff has not alleged facts to demonstrate that he has a serious medical need, or that they were deliberately indifferent to any serious medical needs that he did have.  Because the evidence shows there is no genuine issue of material fact, and that Defendants are entitled to judgment as a matter of law, Defendants' motion should be granted.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'"  *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Although Plaintiff asserts that Defendants have been deliberately indifferent to his medical

needs, he has offered no evidence to indicate that any necessary treatment has been denied.[2]

Conversely, Defendants have provided medical records which indicate additional treatment is not

warranted.   Records from Schuylkill dated May 11, 2003, indicate that Plaintiff hurt his ankle

playing basketball.  The diagnosis at that time was an ankle sprain.  A May 1, 2003, radiology report

of the right ankle revealed no acute fracture, and only some lateral soft tissue swelling.  A May 27,

2003, radiology report of the right ankle and knee was unremarkable, and a September 23, 2003,

radiology report of the right ankle showed no appreciable change (docket entry #17, part #5).  On

October 29, 2005, Plaintiff underwent an MRI of the right ankle in West Memphis, Arkansas, at the

Outpatient Radiology Clinic, an outside medical provider.  The impression at that time from E. Scott

Ferguson, M.D., was no acute abnormality of the ankle, with an old avulsion fragment which had

been present on previous films.  *Id*.

Plaintiff's medical records indicate that he has been provided regular medical care for his

ankle, as well as other conditions, since the injury in 2003, both at FCIFC and at his previous facility.

It does not appear that Plaintiff has been recommended for surgery by any medical professional.  In

fact, Plaintiff's medical records indicate that his ankle felt healthy enough for him to play basketball

on April 17, 2007 (docket entry #17, part #8).   Additionally, the declaration of Prince, a medical

doctor, (docket entry #17, part #4) indicates that Plaintiff's medical treatment has been appropriate.

*See Dulany v. Carnahan*, 132 F.3d at 1240 (in the face of medical records indicating that treatment

was provided, and physician affidavits indicating that the care provided was adequate, an inmate

cannot create a question of fact by merely stating that he does not believe he received adequate

---

[2]Plaintiff asserts in his complaint that he was told by officials at the Schuylkill facility that
he would need surgery to correct his ankle problems, yet has failed to offer any evidence of that
assessment, other than his own testimony.

treatment).

Because no material facts are in dispute, and the record reveals that no Defendant violated his Plaintiff's fifth or eighth amendment rights, Defendants' motion for summary judgment should be granted.

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #16) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court additionally certifiy, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

3.      All pending motions be DENIED AS MOOT.

DATED this ___14___ day of August, 2007.


_____
UNITED STATES MAGISTRATE JUDGE